(C.D. 3601)

ROSS PRODUCTS, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 4, 1968)

*Siegel, Mandell & Davidson* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON, MALETZ, and NEWMAN, Judges

WATSON, Judge: This suit has been submitted for decision upon the following agreement between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between Siegel, Mandell & Davidson, Esqs., attorneys for the plaintiff and the Assistant Attorney General for the United States, defendant:

1. That the merchandise covered by this protest consists of shoe tote bags entered at San Francisco in April 1964, and classified by the collector at the rate of 40 per centum ad valorem, TSUS Item 706.24.

2. That the shoe tote bags covered by this protest are in chief value of textile material as defined in headnote 2 (iv), schedule 3 and headnote 2 (a), subpart c, part 4, schedule 3, and that they are within the scope of Section 89(b) of Public Law 89–241, the Tariff Schedules Technical Amendments Act of 1965.

3. That the entry which is the subject of this protest was imported prior to September 1, 1964 and liquidated on August 10, 1965, prior to the enactment of Public Law 89–241, and that this protest, covering the merchandise described in paragraph one was timely filed against the liquidation.

4. That a timely request for administrative reclassification and the reliquidation of the merchandise covered by this protest in TSUS Item 706.60 at 20 per centum was timely filed with the collector at San Francisco.

That the protest be deemed submitted on this stipulation, the protest being limited to the merchandise covered by this stipulation and abandoned as to all other merchandise.

Upon the agreed facts, we hold the merchandise covered by the entry herein properly dutiable under item 706.60 of the Tariff Schedules of the United States at the rate of 20 per centum ad valorem as handbags in chief value of textile materials.

Judgment will issue accordingly.